# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PETRA CARRILLO, individually, as Special Aministratrix of the Estate of IVAN CARRILLO, and as the parent and natural guardian of ARLEEN CARRILLO, AYLEEN CARRILLO, AND JAYLEEN CARRILLO,

    Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, OFFICER A. CARPENTER, in his individual and official capacity; OFFICER A. UBBENS, in his individual and official capacity; DOES 1through 10, inclusive; and ROE ENTITIES 11 through 20, inclusive,
    Defendants.

Case No. 2:10-CV-02122-KJD-GWF

**ORDER**

Presently before the Court is Defendant A. Ubbens' Motion to Dismiss (#5), Defendant Las Vegas Metropolitan Police Department's Motion to Dismiss (#7), and Defendant A. Carpenter's Motion to Dismiss and Joinder to Las Vegas Metropolitan Police Department's Motion to Dismiss (#8). Plaintiff has responded (#15, #16), to which Defendants replied (#18, #19, #22).

## I. Facts

On May 19, 2010, Officer Lourenco ("Lourenco") attempted a traffic stop of Ivan Carrillo's vehicle. Ivan ignored the attempt and continued his course of travel. Lourenco requested backup, and officers Ubbens and Carpenter responded and joined in the pursuit. Once Ubbens and Carpenter joined, Lourenco stopped his pursuit. A Las Vegas Metropolitan Police Department ("Metro") helicopter also joined in the pursuit. Plaintiff alleges that both officers were aware that Metro was putting down spike strips to disable Ivan's vehicle. Carpenter and Ubbens continued their pursuit of Ivan. Ubbens decided to use a Pursuit Intervention Technique ("PIT maneuver") to end the pursuit. Ubben's attempt was unsuccessful and pursuit continued until Carpenter's subsequent PIT attempt was successful. Carpenter's PIT maneuver caused Ivan to lose control of his vehicle, cross into oncoming traffic, and collide with two vehicles resulting in Ivan's death. Carpenter was cited by Metro for driving vehicles with willful and wanton disregard of the safety of persons or property. A jury trial in the Eighth Judicial District Court of Nevada acquitted Carpenter of two reckless driving counts on July 19, 2011.

Plaintiff filed the current action on December 7, 2010. The Complaint asserted claims against Ubbens under 42 U.S.C. §1983, and State law causes of action for wrongful death, battery, negligence, and intentional infliction of emotional distress; claims against Carpenter for municipal liability, wrongful death, battery, negligence, and intentional infliction of emotional distress; and claims against Metro for §1983 liability, municipal liability, wrongful death, battery, negligent training and supervision, negligent hiring and retention, and intentional infliction of emotional distress. Defendant Ubbens' Motion to Dismiss was filed on December 28, 2010. Defendants Metro and Carpenter filed their Motion to Dismiss on December 29, 2010.

## II. Motion to Dismiss Standard

In considering a motion to dismiss for failure to state a claim under FRCP 12(b)(6), "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the

non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir.1998). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir.1997) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The *Iqbal* evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

**III. Analysis**

    **A. Defendant Ubbens**

        **1. §1983 Liability**

In order to establish liability for a §1983 violation, Plaintiff must establish that Defendant's actions were (1) the cause in fact and (2) the proximate cause of the constitutional deprivation. White v. Roper, 901 F.2d 150, 1505-1506 (9th Cir. 1990). Additionally, "[t]raditional tort law defines intervening causes that break the chain of proximate causation." Prosser and Keeton on Torts 44, at 312 (5th ed. 1984). This analysis applies in §1983 actions. See Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 561 (1st Cir. 1989) ("An unforeseen and abnormal intervention ... breaks the chain of causality, thus shielding the defendant from [section 1983] liability."); Dodd v. City of Norwich, 827 F.2d 1, 6 (2d Cir. 1987)("a policy [is] a proximate cause ... if . . . intervening actions were within the scope of the original risk and therefore foreseeable"), *cert. denied,* 484 U.S. 1007

1  (1988).  To hold an individual defendant personally liable for damages under §1983, the causation
2  inquiry must be focused on whether the individual defendant was in a position to take steps to avert
3  the incident giving rise to the deprivation but failed to do so intentionally or with deliberate
4  indifference.  See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

5        In the current action, Plaintiffs have not plead plausible facts to show that Ubbens was
6  the cause in fact and proximate cause of the alleged constitutional deprivation.  Plaintiff's own
7  factual account states that Ubbens' PIT attempt was unsuccessful.  (Doc. 1, pg. 4).  Carpenter's
8  alleged subsequent PIT attempt caused Plaintiff to lose control of his vehicle resulting in the fatal car
9  accident.  Plaintiff plausibly shows that Carpenter's intervening PIT attempt broke the chain of
10 proximate causation.  The facts do not allege that Ubbens intentionally or with deliberate indifference
11 failed to take steps to avert the incident.  There are no plausibly pled facts to allow this Court to infer
12 that Ubbens was a cause in fact and proximate cause of Plaintiff's constitutional deprivation.

13       Plaintiff argues that Ubbens is an "integral participant," for purposes of a Fourth
14 Amendment seizure and excessive force violation.  However, the integral participant theory has not
15 been clearly applied to Fourth Amendment seizure violations, it has only been applied to Fourth
16 Amendment search violations, in which "officers who provided armed backup during an
17 unconstitutional search were 'integral' to that search, and were therefore participants rather than mere
18 bystanders."  Boyd v. Benton County, 374 F.3d 773, 780 (9th Cir. 2004).  Defendant Ubbens cannot
19 be considered an integral participant because Plaintiff's claim is for a Fourth Amendment seizure
20 violation and not a search violation.  Furthermore, Plaintiff does not plead any facts indicating that
21 Ubbens participated in Carpenter's decision or his performance of the alleged PIT maneuver.  Ubbens
22 is not considered an "integral participant" for purposes of the alleged Fourth Amendment seizure and
23 excessive force violation.  Therefore, the §1983 claim against Ubbens is dismissed.
24 ////
25
26

**2. Wrongful Death**

Under Nev. Rev. Stat. 41.085(2),

> [w]hen the death of a person is caused by the wrongful act or neglect of another, the heirs of the decedent and person representatives of the decedent may each maintain an action for damages against the person who caused the death, or if the wrongdoer is dead, against the wrongdoer's personal representatives, whether the wrongdoer died before or after the death of the person injured by the wrongdoer. If any other person is responsible for the wrongful act or neglect, or if the wrongdoer is employed by another persons who is responsible for the wongdoer's conduct, the action may be maintained against that other person, or if the other person is dead, against the other persons's personal representatives.

Defendant Ubbens was not the proximate cause of Plaintiff's death and is not considered responsible for those acts that caused Plaintiff's death. Plaintiff's Complaint alleges that after Ubbens' attempted but unsuccessful PIT maneuver, Carpenter subsequently performed a successful PIT maneuver resulting in Plaintiff's vehicle colliding with oncoming traffic causing Plaintiff's death. (Doc. 1 pg. 4). The intervening acts of Carpenter broke the chain of causality between Ubbens and Plaintiff. Plaintiff's wrongful death claim is therefore not applicable to Ubbens as he is not a person responsible for causing Plaintiff's death. There has been nothing plausibly alleged to indicate that after Carpenter's intervening actions Ubbens was responsible for causing Plaintiff's death. Therefore, the claim for wrongful death against Ubbens is dismissed.

**B. Defendants Carpenter and Las Vegas Metropolitan Police Department**

**1. Municipal Liability**

In response to Defendant's Motions to Dismiss, Plaintiff voluntarily dismisses the claims for, battery, negligent training and supervision, negligent hiring and retention, and intentional infliction of emotional distress. Metro's Motion to Dismiss only argues the municipal liability claim. The claims left against Carpenter, which he did not move to dismiss, are §1983 liability and wrongful death. Thus, the Court need only address Plaintiff's municipal liability claim.

1  Municipalities and other local government units are included in that group of
2  "persons" referred to in §1983.  <u>Monell v. Dep't of Soc. Servs. of New York</u>, 436 U.S. 658, 690
3  (1978).  A plaintiff may only establish municipal liability under §1983 by demonstrating one of the
4  following three factors:  1) a city employee violated Constitutional rights either pursuant to an official
5  policy or informal practice of the city; 2) the violator held final policy-making authority; or 3) a
6  person with final policy-making authority ratified the unconstitutional behavior.  <u>Gillette v. Delmore,</u>
7  <u>979 F.2d 1342</u>, 1346 (9th Cir. 1992).  A government entity is only liable under §1983 when the entity
8  itself is the "moving force" behind the deprivation.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985).
9  "[O]nly if a plaintiff shows that his injury resulted from 'permanent and well settled' practice may
10 liability attach for injury resulting from a local government custom."  <u>McDade v. West</u>, 223 F.3d
11 1135, 1141 (9th Cir. 2000).
12  In this case, Plaintiffs have alleged enough facts to state a claim for violating
13 Plaintiff's constitutional rights pursuant to Metro's policy regarding PIT maneuvers.  In <u>Scott v.</u>
14 <u>Harris</u>, 550 U.S. 372, 386 (2007), performance of a PIT maneuver in order to end a high speed chase
15 that threatened the lives of innocent people was not found to violate the Fourth Amendment even
16 when it placed at risk the fleeing motorist.  The <u>Scott</u> decision was based on a videotape which
17 recorded the factual circumstances of the high speed pursuit.  The video led the court to find that the
18 PIT maneuver was constitutional under the Fourth Amendment.  <u>Id.</u>
19  The present case is similar to <u>Scott</u> in that there is a need for further factual inquiry
20 into the circumstances of the incident in order to apply an objectively reasonable analysis to the
21 alleged constitutional violations.  Carpenter's alleged citation demonstrates that Metro did not ratify
22 his actions.  Plaintiff has plausibly plead facts to infer that Metro has some policy or procedure
23 regarding PIT maneuvers.  Because Plaintiff has sufficiently plead facts that Metro does have a policy
24 or procedure regarding PIT maneuvers, further discovery is required in order to explore the
25
26

constitutionality of Metro's PIT procedures and policies.  At this stage, Plaintiffs have plead enough facts to state a claim.

**IV. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant Officer Andrew Ubbens' Motion to Dismiss (#5) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Las Vegas Metropolitan Police Department's Motion to Dismiss (#7) is **DENIED** as to Plaintiff's municipal liability claim, and **GRANTED** as to Plaintiff's battery, negligent training and supervision, negligent hiring and retention, and intentional infliction of emotional distress claims for relief;

**IT IS FURTHER ORDERED** that Defendant A. Carpenter's Motion to Dismiss (#8) is **GRANTED** as to claims for battery, negligence, and intentional infliction of emotional distress.

**IF IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Defendant Ubbens only and against Plaintiff.

DATED this 1st day of August 2011.

_____
Kent J. Dawson
United States District Judge