Robert W. Freeman, Jr., Esq.
Nevada Bar No. 003062
FREEMAN & ASSOCIATES
1060 Wigwam Parkway
Henderson, Nevada 89074
(702) 990-4913
Attorneys for Defendant
    Officer Andrew Charles Ubbens

## UNITED STATES DISTRICT COURT

## STATE OF NEVADA

* * * * *

| | |
|---|---|
| PETRA CARRILLO, individually, as Special Administratrix of the Estate of IVAN CARRILLO, and as a parent and natural Guardian of ARLEEN CARRILLO, AYLEEN CARRILLO, AND JAYLEEN CARRILLO,<br><br>    Plaintiffs,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; OFFICER A. CARPENTERS, in his individual and official capacity; OFFICER A. UBBENS, in his individual and official capacity; DOES 1 through 10, inclusive; and ROE ENTITIES 11 through 20, inclusive,<br><br>    Defendants. | Case No.: 2:10-cv-2122-KJD-GWF<br><br>**DEFENDANT'S OFFICER A. UBBENS' MOTION FOR ATTORNEY FEES** |
| ROXANA CORREA, BRIANNA LATISHA CARRILLO and IVAN ANTHOANE CARRILLO, Plaintiffs, by their Parent and Legal Guardian, ROXANA CORREA<br><br>    Plaintiffs,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, OFFICER ARON SAMUEL CARPENTER, in his individual and official capacity; OFFICER ANDREW CHARLES UBBENS, in his individual and official capacity; DOES 1 through 10, inclusive; and ROE ENTITIES 11 through 20, ROE SURETY COMPANY,<br><br>    Defendants. | Case No.: 2:11-cv-1122-PMP-RJJ |

FREEMAN & ASSOCIATES
1060 Wigwam Parkway
Henderson, Nevada 89074
Telephone (702) 309-3333

### DEFENDANT'S OFFICER A. UBBENS' MOTION FOR ATTORNEY FEES

COMES NOW, Defendant OFFICER A. UBBENS, through his attorney ROBERT W. FREEMAN, pursuant to 42 U.S.C. 1988 and in accordance with F.R.C.P. Rule 54(d)(2)(B) and Local Rules 54-1 through 54-16, and hereby moves this Court for an Order awarding attorney's fees and costs to Defendant as the prevailing party pursuant to this Court's Order granting Defendant's Motion to Dismiss [Document 7].

This Motion is made and based upon the pleadings and papers on file herein, the affidavits and exhibits attached hereto, the following points and authorities, and oral argument of counsel at the time of hearing in this matter, if any.

### I.

### POINT AND AUTHORITIES

**A.  A Prevailing Defendant is Entitled to an Award of Attorney's Fees when Plaintiff's 42 U.S.C. 1983 Action was Frivolous, Unreasonable or Without Foundation**

Pursuant to 42 U.S.C. §1988, in limited circumstances a district court may award attorney's fees to a prevailing defendant in a 42 U.S.C. §1983 action. Hughes v. Rowe, 449 U.S. 5, 14, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980). A prevailing defendant in a civil rights action is entitled to an attorney's fees award where plaintiff's action is "frivolous, unreasonable, or without foundation" even if not brought in subjective bad faith. Christiansburg Garment Co. V. Equal Employment Opportunity Commission, 434 U.S. 412, 421 (1978); Saman v. Robbins, 173 F.3d 1150 (9th Cir. 1999); Margolis v. Ryan, 140 F. 3d 850, 854 (9th Cir. 1998); Barry v. Fowler, 902 F. 2d 770 (9th Cir. 1990); and Miller v. Los Angeles County Board of Education, 827 F. 2d 617 (9th Cir. 1987). Finally, a prevailing party is entitled to attorney fees arising from pursuit of the motion for fees. See Margolis, supra 140 F.3d 855.

The Supreme Court's decision in Christianburg, discusses the standard for awarding defense attorney's fees in a civil rights action. The Court relied on the legislative debate during enactment of 706(k) of Title VII and the almost identical attorney's fee provision of Title II. The debate included the following discussion:

> [A]n allowance of awards to defendants would serve to "deter the bringing of lawsuits without foundation," to discourage frivoulous suits," and **"to diminish the likelihood of unjustified suits being brought"**.

Id at 420. (Footnotes omitted.) (Emphasis added.) The Chrisitanburg decision cites with favor the sanctuary interpretation of Appeals for the District of Columbia Circuit in Grubbs v. Butz, 548 F. 2d 973, 975 (D.C. Cir. 1976), quoting:

> [From these debates] two purposes for 706(k) emerge. First, congress desired to 'make it easier for a plaintiff of limited means to bring a meritorious suit; .... But second, and equally important, Congress intended to 'deter the bringing of lawsuits without foundation' by providing that the 'prevailing party' - be it plaintiff or defendant - could obtain legal fees.

Christiansburg at 420, *quoting* Grubbs at 975.

It is therefore appropriate for this District Court to apply the Christianburg standard to its analysis of Defendants' Motion for Attorney's Fees herein.

**B. Plaintiff's Complaint was Without Legal Foundation.**

Plaintiffs' Complaint was brought without legal foundation. This Court granted Defendant Officer Ubbens' motion to dismiss the civil rights claim because the Plaintiffs failed to plead plausible facts to show that Ubbens was the cause in fact and proximate cause of the alleged constitutional deprivation. This Court dismissed the wrongful death claim for the same reason, Defendant Ubbens was not the proximate cause of Plaintiff's death and is not considered responsible for those acts that caused Plaintiff's death.

In addition, identical claims made by other parties had already been dismissed on the same grounds. On December 7, 2010, Defendant Officer Ubbens was sued by others claiming to be the wife and natural children of Ivan Carrillo. The Complaint in this case contains the same factual allegations against Ubbens and states the same causes of action. The prior case was called Petra Carrillo, individually, as Special Adminsitratrix of the Estate of IVAN CARRILLO, and as the parent and natural guardian of ARLEEN CARRILLO, AYLEEN CARRILLO, and JAYLEEN CARRILLO v. LAS VEGAS METROPOLITIAN POLICE DEPARTMENT; OFFICER A. CARPENTER, in his individual and official capacity;

Page 3

1 | OFFICER A. UBBENS, in his individual and official capacity; et al. and was filed as Case No.
2 | 2:10-cv-02122-KJD-RJJ. On December 28, 2010 Officer Ubbens filed a motion to dismiss
3 | similar to this one. Ubbens' motion to dismiss was granted on August 1, 2011.

### 1. Brief Summary of the Nature of the Case:

On May 19, 2010, Officer Antonio Lourenco of the LVMPD observed Ivan Carrillo recklessly driving his car and attempted a traffic stop. *Complaint [Document 1], ¶ 13.* Ivan Carrillo failed to stop and Officer Lourenco called for additional police units to assist him. *Complaint, ¶ 14.* LVMPD Officers Andrew Ubbens and Aron Carpenter responded to the call and began pursuing Ivan Carrillo. *Complaint ¶ 15.* At some point, a LVMPD helicopter was also involved in the pursuit. *Complaint ¶ 19.*

During the pursuit, Defendant Officer Ubbens announced over the police radio that he intended to perform a Pursuit Intervention Technique ("PIT" maneuver). *Complaint, ¶ 22.* A PIT maneuver is a pursuit technique whereby an officer intentionally hits the rear portion of the pursued vehicle with the specific intent to spin the vehicle and end the pursuit. *Complaint ¶ 23.* PIT maneuvers are specifically authorized by the LVMPD and utilized by their officers as a regular custom and practice. *Complaint ¶ 24 - 25.*

After announcing his intent to perform a PIT maneuver to end the pursuit of Ivan Carrillo, Defendant Officer Ubbens intentionally hit Ivan Carrillo's vehicle from behind. *Complaint, ¶ 26.* The PIT maneuver was unsuccessful and Ivan continued to flee from the police. *Complaint, ¶ 28-29.* There are no further factual allegations made against Defendant Officer Ubbens. Later, Defendant Officer Carpenter performed a second PIT maneuver which ended the pursuit. *Complaint, ¶ 28-32.*

### 2. Procedural History of the Action:

On July 7, 2011, Plaintiffs filed their Complaint in federal court. The Complaint includes eight claims for relief. The claims for relief stated against Defendant Officer Ubbens are as follows:

First Claim for Relief - Violation of Civil Rights

Page 4

1  Third Claim for Relief - Wrongful Death
2  Fourth Claim for Relief - Battery
3  Fifth Claim for Relief - Negligence
4  Eighth Claim for Relief - Intentional Infliction of Emotional Distress

On September 26, 2011, Defendant Officer Ubbens filed his motion to dismiss as to all claims included in Plaintiffs' Complaint. This Court granted the motion to dismiss on December 28, 2011.

### 3. **Christiansburg's Application to this Action:**

In utilizing the "frivolous, unreasonable, or without foundation' analysis, the Christianburg opinion, 434 U.S. 41, *supra,* cautions that a District Court should resist the temptation to engage in post hoc reasoning by determining that simply because the plaintiff did not ultimately prevail, the action must have been unreasonable or without foundation. The Court cautioned:

> No matter how honest one's belief that he has ben the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation.

Christianburg at 422.

"Although the Supreme Court has established a high hurdle for prevailing defendants to clear before being awarded attorneys fees under 42 U.S.C. 1988, that hurdle is not insurmountable ." Saman v. Robbins, 173 F.3d 1150, 1158 (9th Cir. 1999). A finding by the District Court that the plaintiff's claims were "groundless" will justify an award of attorney's fees to prevailing defendant. Id. While this Court made no specific finding that Plaintiffs' claims were "groundless," the Court did determine that there were no "plausible facts" to show that Ubbens caused a constitutional deprivation or the death of Ivan Carrillo. Further, the Plaintiffs were aware that similar claims brought by similarly situated litigants had been dismissed for the same reasons.

Attorney's fees to a prevailing defendant are justified when the underlying lawsuit is

entirely without merit. Reiss v. Morrison, 807 F.2d 112 (7th Cir. 1986). The fact that Plaintiff's Complaint did not survive a pre-trial motion for dismissal is illustrative of the fact that the Complaint was without foundation.

## II.

### STATEMENT OF FEES AND COSTS

**A.    Defendant's Statement of Compliance with LR54-16, Supporting An Award of Legal Fees in the Total Amount of $12,888.00.**

Pursuant to LR 54-16 Defendant Officer Ubbens provides the following:

LR 54-16(b)(1): *Itemization and Description of the Work Performed*

**Exhibit "A"** attached hereto itemizes the work performed by defense counsel in investigating the claims included in Plaintiffs' complaint, interviewing witnesses, researching the applicable law, and preparing the motion to dismiss.

LR 54-16(b)(2): *Itemization of Cost Not Otherwise Taxable Pursuant to LR54-1 through 54-15.*

None.

LR 54-16(b)(3)(A): *Results obtained and the amount involved.*

Defendant Officer Ubbens prevailed on his motion to dismiss. The damages actually sought by Plaintiffs were not specifically pleaded in the Complaint and are therefore unknown. However, the case involved allegations of unconstitutional force that led to the death of Ivan Carrillo and Defendant Ubbens expected Plaintiffs to seek substantial damages.

LR 54-16(b)(3)(B): *Time and labor required.*

Defense counsel has expended a total of 30.90 hours in defense in this action. The exact nature of counsel's work is set forth in the attached itemization, **Exhibit "A"**.

LR 54-16(b)(3)(C): *Novelty and Difficulty of the questions involved.*

The legal questions involved were not particularly novel or difficult.

LR 54-16(b)(3)(D): *Skill requisite to perfrom the legal service properly.*

The skill necessary to perform the legal services provided was simply that required of

1  any experienced civil rights defense practitioner.

2  <u>LR 54-16(b)(3)(E)</u>: *The preclusion of other employment by the attorney due to acceptance of the case.*

Undersigned counsel was not precluded from taking other work as a result of representation in this case but could have worked on other cases had Plaintiffs' unfounded complaint against Officer Ubbens not been filed.

<u>LR 54-16(b)(3)(F)</u>: *Customary fee.*

**Exhibit "B"** is the Affidavit of Counsel which attests that Clark County retained him to represent Officer Ubbens and paid him at the rate of $190.00 per hour to do so.

<u>LR 54-16(b)(3)(G)</u>: *Whether the fee is fixed or contingent.*

The foregoing rate is fixed.

<u>LR 54-16(b)(3)(H)</u>: *Time limitations imposed by the client or circumstances.*

There were no unusual time limitations imposed in this case.

<u>LR 54-16(b)(3)(I)</u>: *The experience, reputation, and ability of the attorneys.*

All counsel involved are experienced, able, and have good reputations.

<u>LR 54-16(b)(3)(J)</u>: Undesirability of the case.

The "desirablility" of this case was not an issue.

<u>LR 54-16(b)(3)(K)</u>: *Nature and length of the professional relationship with client.*

Exhibit "B" is the Affidavit of Counsel which attests that he has a contractual relationship with Clark County wherein in provides defense on assigned matters.

<u>LR 54-16(b)(3)(L)</u>: *Awards in similar cases.*

Defense counsel is unaware of any similar case in which Clark County has been required to pay "damages" to a Plaintiff when its officer did not cause a constitutional deprivation.

<u>LR 54-16(c)</u>: *Attorney Affidavit.*

Defense counsel's Affidavit in support of this Motion in accordance with LR 54-16(c) is attached as **Exhibit "B"**.

### III.

### CONCLUSION

Based upon the record before the Court, the attached documentation, the supporting affidavit of counsel, and the foregoing argument, Clark County requests that Plaintiff be required to pay legal fees as follows:

Attorney Fees - 30.90 hrs @ $75.00/hr - $190.00/hr.............................$5,395.00

Dated this 10 day of January, 2012.

FREEMAN & ASSOCIATES

Robert W. Freeman, Jr., Esq.
Nevada Bar No. 3062
1060 Wigwam Parkway
Henderson, Nevada 89074
Attorney for Defendant
Officer Andrew Charles Ubbens

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 10th day of January, 2012, I served a true and correct copy of the foregoing **DEFENDANT'S OFFICER A. UBBENS' MOTION FOR ATTORNEY FEES** by depositing a copy of same in the United States Mail at Las Vegas, Nevada postage fully prepaid, addressed to:

Thomas Christensen, Esq.
CHRISTENSEN LAW OFFICES, LLC.
1000 S. Valley View Blvd.
Las Vegas, Nevada 89107
Attorneys for Plaintiffs

Craig R. Anderson, Esq.
MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Defendant
Las Vegas Metropolitan Police Department

Kirk B. Lenhard, Esq.
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 N. City Parkway
Suite 1600
Las Vegas, Nevada 89106
Attorneys for Defendant
Officer Andrew Carpenter

_____
Employee of FREEMAN & ASSOCIATES

**DEFENDANT'S OFFICER A. UBBENS'
MOTION FOR ATTORNEY FEES
Exhibit "A"**

**Freeman Law Firm**  1060 Wigwam ParkwayHenderson, NV  89074

702-990-4913

Invoice submitted to:
LVMPD RISK MANAGEMENT
400 E. Stewart Ave.
7th Floor
Las Vegas NEVADA 89101

January 04, 2012

In Reference To:Correa, Roxanne et al. v. LVMPD, Officer Ubbens, et al.

Case No. 2:.11-cv-01122-PMP-RJJ

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/8/2011 | RWF | A104<br>Review/Analyze - receipt and review complaint and letter of engagement; draft notes to file re: same. | 1.00<br>190.00/hr | 190.00 |
|  | IAJ | A105<br>Communicate (in firm) - legal research re: consolidation of cases. | 0.50<br>135.00/hr | 67.50 |
| 9/14/2011 | KEF | A104<br>Review/Analyze - open and organize new file; letter to Tom Christensen re: representation and responsive pleading date; phone call with Ubbens re: new suit. | 2.50<br>75.00/hr | 187.50 |
|  | RWF | A104<br>Review/Analyze - review new file; draft notes to file re: consolidation and strategy for defense. | 1.80<br>190.00/hr | 342.00 |
| 9/23/2011 | RWF | A103<br>Draft/Revise - review file, review complaint; prepare motion to dismiss for Officer Ubbens. | 2.00<br>190.00/hr | 380.00 |
| 9/27/2011 | KEF | A104<br>Review/Analyze - email from Josh Benson re: stipulation and order to consolidate; draft note to file re: plaintiff's signature on stipulation; review email and stipulation to extend deadlines; review Smith's proposed changes; draft notes to file. | 1.20<br>75.00/hr | 90.00 |
| 9/30/2011 | RWF | A104<br>Review/Analyze - review numerous emails re: stipulations to consolidate cases and extend deadlines; review proposed stipulations; email to all counsel re: same; attention to executing stipulations. | 1.50<br>190.00/hr | 285.00 |
| 10/3/2011 | RWF | A104<br>Review/Analyze - stipulation and order for consolidation; draft note to file. | 0.30<br>190.00/hr | 57.00 |

LVMPD RISK MANAGEMENT                                                                                          Page    2

|               |     |      |                                                                                                                                                                                         | Hrs/Rate        | Amount |
|---------------|-----|------|-|-|-|
| 10/14/2011    | RWF | A104 | Review/Analyze - receipt and review plaintiffs' opposition to Ubbens' motion to dismiss; research cases and argument; draft note to file and calendar re: same.                                          | 2.50<br>190.00/hr | 475.00 |
| 10/17/2011    | RWF | A103 | Draft/Revise - review file and opposition and work on reply in support of motion to dismiss.                                                                                                             | 2.50<br>190.00/hr | 475.00 |
| 10/20/2011    | RWF | A103 | Draft/Revise - edit and finalize reply in support of motion to dismiss.                                                                                                                                  | 2.00<br>190.00/hr | 380.00 |
| 10/24/2011    | RWF | A104 | Review/Analyze - receipt and review stipulation and order for extension of deadlines; draft note to file and calender re: same.                                                                          | 0.30<br>190.00/hr | 57.00  |
| 10/27/2011    | RWF | A104 | Review/Analyze - receipt and review motion to dismiss filed by Carpenter and opposition filed by Plaintiffs; draft notes to file re: same and notice of joinder.                                         | 1.50<br>190.00/hr | 285.00 |
|               | KEF | A103 | Draft/Revise - review file and prepare joinder to Carperter's motion to dismiss.                                                                                                                         | 0.20<br>75.00/hr  | 15.00  |
| 11/3/2011     | RWF | A104 | Review/Analyze - receipt and review Carrillo's responses to written discovery request for information relevant to Correa claims.                                                                         | 1.20<br>190.00/hr | 228.00 |
| 11/9/2011     | RWF | A104 | Review/Analyze - receipt and review plaintiff's opposition to joinder in Carpenter's motion to dismiss; draft note to file re: same.                                                                     | 0.20<br>190.00/hr | 38.00  |
|               | RWF | A104 | Review/Analyze - receipt and review LVMPD's motion to dismiss; draft note to file re: same.                                                                                                              | 0.50<br>190.00/hr | 95.00  |
|               | RWF | A104 | Review/Analyze - receipt and review Carpenter's reply in support of motion to dismiss; draft note to file re: joinder.                                                                                   | 0.30<br>190.00/hr | 57.00  |
| 11/16/2011    | RWF | A103 | Draft/Revise - review file and prepare notice of joinder in Carpenter's motion to dismiss; prepare notice of joinder in LVMPD's motiont to dismissl                                                      | 1.00<br>190.00/hr | 190.00 |
| 12/2/2011     | RWF | A104 | Review/Analyze - receipt and review plaintiffs' opposition to motions to dismiss; draft notes to file re: same; draft notes for hearing.                                                                 | 1.30<br>190.00/hr | 247.00 |

LVMPD RISK MANAGEMENT                                                                                         Page    3

|            |     |      |                                                                                                                                                                                     | Hrs/Rate        | Amount     |
|------------|-----|------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----------------|------------|
| 12/7/2011  | RWF | A104 | Review/Analyze - receipt and review Metro's reply in support of its motion to dismiss; draft notes to file re: same.                                                                                 | 0.70 190.00/hr  | 133.00     |
| 12/13/2011 | RWF | A104 | Review/Analyze - minute order setting hearing on motions to dismiss; draft notes to file re: same.                                                                                                   | 0.30 190.00/hr  | 57.00      |
| 12/27/2011 | RWF | A104 | Review/Analyze - review file and prepare for hearing on motion to dismiss; prepare outline of argument.                                                                                              | 1.50 190.00/hr  | 285.00     |
|            | RWF | A102 | Research - legal research re: "integral participant" theory of liability under 4th Amendment; proximate causation under the 4th Amendment; draft notes to file re: same.                             | 1.20 190.00/hr  | 228.00     |
| 12/28/2011 | RWF | A109 | Appear for/Attend - prepare for and attend hearing on motion to dismiss; draft notes to file re: same.                                                                                               | 2.50 190.00/hr  | 475.00     |
| 1/4/2012   | RWF | A103 | Draft/Revise - review minute order and judgment; draft email to MGeinzer re: same.                                                                                                                   | 0.40 190.00/hr  | 76.00      |
|            |     |      | For professional services rendered                                                                                                                                                                   | 30.90           | $5,395.00  |

Additional Charges :

|            |     |      |                 | Qty/Price  |        |
|------------|-----|------|-----------------|------------|--------|
| 9/30/2011  | RWF | E101 | Copying         | 112 0.10   | 11.20  |
|            | RWF | E106 | Online Research | 1 101.56   | 101.56 |
| 10/7/2011  | RWF | E101 | Copying         | 60 0.10    | 6.00   |
|            | RWF | E108 | Postage         | 1 3.12     | 3.12   |
| 10/20/2011 | RWF | E106 | Online Research | 1 101.56   | 101.56 |
| 11/15/2011 | RWF | E101 | Copying         | 39 0.10    | 3.90   |

LVMPD RISK MANAGEMENT                                                            Page    4

|                        |              | Qty/Price | Amount  |
|------------------------|--------------|-----------|---------|
| 11/15/2011 RWF E108    |              | 1         | 3.24    |
|            Postage     |              | 3.24      |         |

**Total additional charges**                                                     $230.58

**DEFENDANT'S OFFICER A. UBBENS'
MOTION FOR ATTORNEY FEES
Exhibit "B"**

```
 1  Robert W. Freeman, Jr., Esq.
    Nevada Bar No.  003062
 2  FREEMAN & ASSOCIATES
    1060 Wigwam Parkway
 3  Henderson, Nevada 89074
    (702) 990-4913
 4  Attorneys for Defendant
        Officer Andrew Charles Ubbens
 5
                    UNITED STATES DISTRICT COURT
 6
                         STATE OF NEVADA
 7
                            * * * * *
 8
 9  PETRA CARRILLO, individually, as Special      ) Case No.: 2:10-cv-2122-KJD-GWF
    Administratrix of the Estate of IVAN          )
10  CARRILLO, and as a parent and natural         ) AFFIDAVIT OF COUNSEL IN
    Guardian of ARLEEN CARRILLO, AYLEEN           ) SUPPORT OF DEFENDANT
11  CARRILLO, AND JAYLEEN CARRILLO,               ) OFFICER A. UBBENS'
                                                  ) PREVAILING PARTY MOTION
12                 Plaintiffs,                    ) FOR ATTORNEY'S FEES
    vs.                                           )
13                                                )
    LAS VEGAS METROPOLITAN POLICE                 )
14  DEPARTMENT; OFFICER A.                        )
    CARPENTERS, in his individual and official    )
15  capacity; OFFICER A. UBBENS, in his           )
    individual and official capacity; DOES 1      )
16  through 10, inclusive; and ROE ENTITIES 11    )
    through 20, inclusive,                        )
17                                                )
                   Defendants.                    )
18  ROXANA CORREA, BRIANNA LATISHA                ) Case No.: 2:11-cv-1122-PMP-RJJ
    CARRILLO and IVAN ANTHOANE                    )
19  CARRILLO, Plaintiffs, by their Parent and     )
    Legal Guardian, ROXANA CORREA                 )
20                                                )
                   Plaintiffs,                    )
21  vs.                                           )
                                                  )
22  LAS VEGAS METROPOLITAN POLICE                 )
    DEPARTMENT, OFFICER ARON SAMUEL               )
23  CARPENTER, in his individual and official     )
    capacity; OFFICER ANDREW CHARLES              )
24  UBBENS, in his individual and official        )
    capacity; DOES 1 through 10, inclusive; and   )
25  ROE ENTITIES 11 through 20, ROE               )
    SURETY COMPANY,                               )
26                                                )
                   Defendants.                    )
27
28
```

FREEMAN & ASSOCIATES
1060 Wigwam Parkway
Henderson, Nevada 89074
Telephone (702) 309-3333

STATE OF NEVADA )
                ) ss:
COUNTY OF CLARK )

ROBERT W. FREEMAN, being first duly sworn, deposes and states:

1. I am a duly licensed attorney admitted to practice law in the State of Nevada and in the United States District Court, District of Nevada, and am the attorney of record for Defendant OFFICER ANDREW UBBENS in the Federal Court action captioned Roxana Correa et al v. Las Vegas Metropolitan Police Department, Clark County, Case No. 2:11-CV-011222-PMP-RJJ.

2. All of the facts as outlined in the foregoing Defendant Officer Andrew Ubbens Motion for Attorney's Fees, and in this Affidavit, are true and correct and are based upon personal knowledge.

3. I have been duly licensed to practice law in the State of Nevada and before this Federal Court since 1987. I am currently responsible for defending Officer Andrew Ubbens in this matter. I am currently practicing in good standing with the Nevada State Bar.

4. Pursuant to contract, Clark County retained me to represent Andrew Ubbens in this matter and pays me at a rate of $190.00 per hour for attorney time and $75.00 per hour for paralegal time. On information and belief, this is a customary and reasonable rate for the work required.

5. The attorney hours reflected in the billing summary attached to Defendant's motion for attorneys fees as **Exhibit "A",** state the time expended by counsel and paralegals in defense of this case. I have reviewed and edited the time sheets and they are true and accurate.

6. The fees requested in Defendant's motion, and reflected in the exhibit attached thereto, are reasonable in light of the customary rates for legal services in this community and are not sought in excess of the time and effort expended in this regard.

...

...

...

7. This Affidavit is made in accordance with FRCP 54(d) and LR 54-16 in support of Defendant's Motion for Attorney's Fees.

FURTHER YOUR AFFIANT SAITH NAUGHT.

_____
ROBERT W. FREEMAN

SUBSCRIBED AND SWORN by before me this 10 day of January, 2012.

_____
NOTARY PUBLIC in and for
said COUNTY and STATE



CARI L. CONCANNON
Notary Public State of Nevada
No. 92-2580-1
My appt. exp. Aug. 12, 2014

FREEMAN & ASSOCIATES
1060 Wigwam Parkway
Henderson, Nevada 89074
Telephone (702) 309-3333

Page 3