# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PETRA CARRILLO, *et al.*,

    Plaintiffs,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,

    Defendants.

Case No. 2:10-CV-02122-KJD-GWF

**ORDER**

      Presently before the Court is Defendant Andrew Ubbens' Motion for Attorney Fees (#37). Plaintiffs filed a response in opposition (#41).

      On August 1, 2011, the Court granted in part and denied in part Defendants' motion to dismiss. After close scrutiny and analysis Plaintiffs' claims against Andrew Ubbens were dismissed, because the Court determined that Ubbens was not the proximate cause of decedent's death. Now Ubbens has moved for an award of his attorney's fees as a prevailing party under 42 U.S.C. § 1988. As a general rule, "a district court may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though it was not brought in subjective bad faith." Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421 (1978). Christiansburg was a Title VII case and two years later, the

United States Supreme Court applied the Christiansburg rationale in the context of 42 U.S.C. § 1983 cases. See Hughes v. Rowe, 449 U.S. 5, 14-16 (1980). By frivolous, the court means that the litigation must be "meritless in the sense that it is groundless or without foundation." Hughes, 449 U.S. at 14; see also Dooley v. Reiss, 736 F.2d 1392, 1396 (9th Cir. 1984). In other words litigation is frivolous if the result is obvious or the arguments are wholly without merit. See Glanzman v. Uniroyal, Inc. 892 F.2d 58, 61 (9th Cir. 1989).

However, "[a] defendant stands in a different equitable position from that of a prevailing plaintiff. Nevertheless, Congress intended to protect defendants from 'litigation having *no* legal or factual basis." Mitchell v. Los Angeles Ct. Superintendent of Schools, 805 F.2d 844, 847 (9th Cir. 1986)(quoting Christiansburg, 434 U.S. at 420). "Only in exceptional cases did Congress intend that defendants be awarded attorney's fees." Id. at 848. This is not an exceptional case. While the Court ultimately concluded that Ubbens was not the proximate cause of the death at issue, close analysis was required for the Court to reach that determination. This was not a case where there was no legal or factual basis for the complaint. It is unlike other cases where the Court has awarded attorney's fees to prevailing defendants in section 1983 actions where, for example, the plaintiff was on notice of what facts were needed to allege a claim, knew those facts did not exist and brought the claim anyway.

Accordingly, IT IS HEREBY ORDERED that Defendant Andrew Ubbens' Motion for Attorney Fees (#37) is **DENIED**.

DATED this 16th day of March 2012.

_____
Kent J. Dawson
United States District Judge