# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PETRA CARILLO, individually, *et al.*, | |
| Plaintiffs, | Case No. 2:10-CV-2122-KJD-GWF |
| v. | **ORDER** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*, | |
| Defendants. | |

Presently before the Court is Defendant Officer A. Ubben's Motion for Attorney's Fees (#48).[1] Plaintiffs Brianna Carrillo, Ivan Carrillo, and Roxanna Correa filed a response in opposition (#52).

On December 22, 2011, the Court granted Defendant Ubbens' motion to dismiss. Ubbens has now moved for an award of his attorney's fees as a prevailing party under 42 U.S.C. § 1988. As a general rule, "a district court may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without

---

[1] The present Plaintiffs' original complaint was filed as Case No. 2:11-c v-1122-PMP-RJJ ("Carrillo II"). On December 22, 2011, the court in Carrillo II granted (#24) Defendant Ubbens' motion to dismiss and a stipulation (#8) to consolidate Carrillo II with a substantially related action, Carrillo v. Las Vegas Metro., No. 2:10-cv-2122-KJD-GWF ("Carrillo I"). Subsequently, all documents have been filed in Carrillo I, including the present motion for attorney's fees which is based on the court's Order (#24) in Carrillo II.

foundation, even though it was not brought in subjective bad faith." Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421 (1978).  Christiansburg was a Title VII case and two years later, the United States Supreme Court applied the Christiansburg rationale in the context of 42 U.S.C. § 1983 cases.  See Hughes v. Rowe, 449 U.S. 5, 14-16 (1980).  By frivolous, the court means that the litigation must be "meritless in the sense that it is groundless or without foundation." Hughes, 449 U.S. at 14; see also Dooley v. Reiss, 736 F.2d 1392, 1396 (9th Cir. 1984).  In other words litigation is frivolous if the result is obvious or the arguments are wholly without merit.  See Glanzman v. Uniroyal, Inc. 892 F.2d 58, 61 (9th Cir. 1989).

However, "[a] defendant stands in a different equitable position from that of a prevailing plaintiff.  Nevertheless, Congress intended to protect defendants from 'litigation having *no* legal or factual basis." Mitchell v. Los Angeles Ct. Superintendent of Schools, 805 F.2d 844, 847 (9th Cir. 1986)(quoting Christiansburg, 434 U.S. at 420).  "Only in exceptional cases did Congress intend that defendants be awarded attorney's fees." Id. at 848.  This is not an exceptional case.  While the Court ultimately concluded that Ubbens was not the proximate cause of the death at issue, close analysis was required for the Court to reach that determination.  This was not a case where there was no legal or factual basis for the complaint.  It is unlike other cases where the Court has awarded attorney's fees to prevailing defendants in section 1983 actions where, for example, the plaintiff was on notice of what facts were needed to allege a claim, knew those facts did not exist and brought the claim anyway.

Accordingly, IT IS HEREBY ORDERED that Defendant Officer A. Ubben's Motion for Attorney's Fees (#48) is **DENIED**.

DATED this 22nd day of August 2012.

Kent J. Dawson
United States District Judge