1

**Marquis Aurbach Coffing**
CRAIG R. ANDERSON, ESQ.

2
Nevada Bar No. 6882
JOSHUA L. BENSON, ESQ.

3
Nevada Bar No. 10514
10001 Park Run Drive

4
Las Vegas, Nevada 89145
Telephone:  (702) 382-0711

5
Facsimile:   (702) 382-5816
canderson@maclaw.com

6
jbenson@maclaw.com
    Attorneys for Defendant LVMPD

7

8

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

9

10
PETRA CARRILLO, individually, as Special
Administratrix of the Estate of IVAN

11
CARRILLO, and as the parent and natural
guardian of ARLEEN CARRILLO, AYLEEN
CARRILLO, AND JAYLEEN CARRILLO,

12

Case No.:        2:10-cv-02122-KJD-GWF

13
Plaintiffs,

14
vs.

15
LAS VEGAS METROPOLITAN POLICE
DEPARTMENT; OFFICER A. CARPENTER,

**Hearing Date:        January 29, 2013**
**Hearing Time:        10:30 a.m.**

16
in his individual and official capacity; OFFICER
A. UBBENS, in his individual and official

17
capacity; DOES 1 through 10, inclusive; and
ROE ENTITIES 11 through 20, inclusive,

18
Defendants.

19
ROXANA CORREA, BRIANNA LATISHA
CARRILLO and IVAN ANTHOANE

**DEFENDANT LAS VEGAS**
**METROPOLITAN POLICE**

20
CARRILLO, Plaintiffs, by their Parent and Legal
Guardian, ROXANA CORREA,

**DEPARTMENT'S OPPOSITION TO**
**PLAINTIFFS' MOTION TO COMPEL**
**AND TO EXTEND DISCOVERY PERIOD**

21
Plaintiffs,

22
vs.

23
LAS VEGAS METROPOLITAN POLICE

24
DEPARTMENT, OFFICER ARON SAMUEL
CARPENTER, in his individual and official

25
capacity, OFFICER ANDREW CHARLES
UBBENS, in his individual and official capacity,

26
DOES 1 through 10, inclusive, ROE ENTITIES
11 through 20, and ROE SURETY COMPANY,

27
Defendants.

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1

M&A:05166-461 1870074_1

1   Defendant Las Vegas Metropolitan Police Department ("LVMPD"), by and through their

2   attorneys of record, Marquis Aurbach Coffing, hereby file their Opposition to Plaintiffs' Motion

3   to Compel and to Extend Discovery Period [Court Dkt. #84].  This Opposition is made and based

4   upon the attached Memorandum of Points & Authorities, the pleadings and papers on file herein,

5   and any oral argument allowed by the Court at a hearing on this matter.

6   **MEMORANDUM OF POINTS & AUTHORITIES**

7   **I.      INTRODUCTION.**

8   Fifteen months ago, the Las Vegas Metropolitan Police Department asserted a privilege

9   over its Internal Affairs files ("IA file") and Aron Carpenter's personnel file.  Now, three months

10  after discovery closed, Petra Carrillo ("Carrillo") seeks to compel production of LVMPD's IA

11  file.   The federal circuits, including the District of Nevada, protect internal affairs documents

12  from disclosure to ensure governmental self-evaluation and consequent program improvement is

13  not chilled.[1]  In asserting the privilege, LVMPD balanced the need to keep its IA file confidential

14  with Carrillo's need to prosecute the case.  Thus, LVMPD disclosed its comprehensive 80-page

15  investigation report, officer interview transcripts, witness interview transcripts, voluntary

16  statements, accident diagrams, photographs, the names of all officers involved, toxicology

17  records, 911 recordings, and radio traffic between officers.  But it was necessary for LVMPD to

18  assert a privilege over its IA file, which include LVMPD findings, comments and

19  recommendations surrounding officer discipline.

20  Also, *three months after discovery closed*, Carrillo seeks to compel three LVMPD

21  employees to attend a deposition without a subpoena.  It is fundamental in civil practice that a

22  nonparty deponent can only be compelled to attend a deposition by subpoena.   While a

23  "managing agent" of a defendant company need not be compelled, it is plaintiff's burden to

24  demonstrate that the employee is a managing agent.  Here, Carrillo neither subpoenaed the

25  witnesses nor provided evidence that the witnesses are "managing agents" of LVMPD.  In fact,

26  the officers are not managing agents and were required to be subpoenaed.  Also, Carrillo is

27

28  _____
    [1] Segura v. City of Reno, 116 F.R.D. 42, 45 (D.Nev. 1987).

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:05166-461 1870074_1

1   attempting to go around this Court's previous denial for more discovery.  On September 14,

2   2012, before Carrillo noticed these depositions, this Court limited discovery.  But Carrillo

3   ignored that order.  Thus, LVMPD respectfully requests that Carrillo's motion to compel be

4   denied.

5   II.   STATEMENT OF FACTS.

6        Plaintiffs brought a 42 U.S.C. § 1983 action and wrongful death claim alleging that

7   Officer Carpenter used excessive force on Ivan Carrillo after Ivan refused to pull over when

8   police attempted to stop Ivan for driving while intoxicated.  Since the Complaint was filed in

9   December 2010, Plaintiffs received *four* separate extensions of the discovery deadlines on April

10   6, 2011, June 23, 2011, September 30, 2011 and January 19, 2012.  On September 14, 2012, this

11   Court denied Carrillo's request to extend the discovery deadlines, but allowed Carrillo to conduct

12   five depositions—three expert depositions, a LVMPD 30(b)(6) deposition and the deposition of

13   Aron Carpenter.

14       A.   THE ACCIDENT.[2]

15        At approximately 10:09 p.m., a citizen, Ashley Green, reported an impaired driver in the

16   area of Carey Avenue and Lamb Boulevard.  Ms. Green said a small, black vehicle was driving

17   very slowly and weaving between the travel lanes.  Officer Anthony Lourenco found the

18   suspected impaired driver and attempted to conduct a traffic stop on the vehicle.  The impaired

19   driver, later identified as Ivan Carrillo, refused to stop, and continued to drive in a slow manner

20   until he reached Nellis Boulevard, where the driver increased speed.  Officer Lourenco requested

21   additional marked patrol units to assist in stopping the Honda.  Once additional units arrived,

22   Officer Lourenco broke off contact with the Honda.

23        When Officers Aron Carpenter and Andrew Ubbens, in separate marked black and white

24   patrol units, attempted to stop Ivan, he refused and continued northbound on Nellis Boulevard.

25   Ivan continued to drive in an erratic manner westbound on Craig Road.  Still being followed by

26

27

28   [2] See Accident Investigation Supplement, attached as **Exhibit A**.

MARQUIS AURBACH COFFING
1001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:05166-461 1870074_1

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1   Officers Carpenter and Ubbens, Ivan turned northbound on Lamb Boulevard and *continued north*

2   *in the southbound travel lanes*.

3   As Ivan reached the intersection of Lamb Boulevard and Lone Mountain Road, Ivan lost

4   control of his vehicle and Ivan crossed into the southbound travel lanes.  A Ford Contour, driven

5   by Andrea Hottel, and a Dodge Ram 1500, driven by Dennis Wallace, collided with the Honda.

6   Ivan and Andrea Hottel were transported to UMC where Carrillo was pronounced dead shortly

7   after arrival.

8   **B.      DISCOVERY PROCEDURAL HISTORY.**

9   Once discovery began, LVMPD disclosed all facts surrounding its investigation.  First,

10  LVMPD disclosed its comprehensive 80-page Accident Investigation—despite its confidential

11  nature.[3]  Additionally, LVMPD disclosed scale diagrams, training materials, policies, Aron

12  Carpenter's training, interview transcripts of witnesses and officers, voluntary statements,

13  pictures, lesson plans, 911 audio, and LVMPD radio traffic.[4]  In July 2011, Carrillo issued an

14  overbroad request for production asking for numerous documents, including an internal affairs

15  report:

16  **REQUEST NO. 4:**

17  The entire liability insurance, risk department, *internal affairs*, or any other
    administrative claims file related to the occurrence.

18
    In response, 15-months ago LVMPD asserted its privilege to its IA file:

19
    **RESPONSE TO REQUEST NO. 4**

20
    Objection.  The Request is overbroad, vague, ambiguous and seeks confidential

21  information…[5]

22  Now, three months after discovery closed, Carrillo seeks to delay this case to obtain confidential

23  and private documents.  Carrillo had more than a year to challenge LVMPD's right to protect its

24  internal affairs file.  But Carrillo failed to do so.

25  _____

    [3] See Exhibit A.
26
    [4] LVMPD's Second Supplemental Disclosures, attached as **Exhibit B**.
27
    [5] LVMPD's Answers to Requests for Production, attached as **Exhibit C**.
28

M&A:05166-461 1870074_1

C.     **THIS COURT REJECTED CARRILLO'S REQUEST FOR ADDITIONAL DISCOVERY.**

On September 14, 2012, Carrillo came before this Court requesting additional discovery. The Court granted in part Carrillo's *Fifth Motion* to extend discovery:[6]

> The Court grants the parties until **December 28, 2012** to complete discovery only as to the deposition of Officer Carpenter, the deposition of the Person Most Knowledgeable at the Las Vegas Metropolitan Police Department and Defendants' three expert witnesses.[7]

Carrillo left the hearing and expressly violated the Court's Order by sending a Notice of Deposition for seven LVMPD employees.[8] But Carrillo *never* subpoenaed any of the officers.[9]

LVMPD's counsel informed Carrillo of the deficiencies in the notices of depositions and indicated the officers would not appear absent a subpoena.[10] Carrillo *never* attempted to cure the deficiencies by subpoenaing the LVMPD employees. Instead, Carrillo asserted there was no such requirement:

> Please be advised, there is no requirement under Federal Rule of Civil Procedure 30(b)(1) that we subpoena witnesses that are employees of an organizational party-opponent such as Metro.[11]

Carrillo's counsel added that the requirement a subpoena be served on an employee is ridiculous:

> Your statement that a subpoena must "be served upon the non-party witnesses, even if they are employees of a party" is non-sensical and without any legal support whatsoever. Respectfully, it is not my job to educate you on the law...[12]

---

[6] Order regarding Fifth Motion to Extend Discovery Deadlines, attached as **Exhibit D**.

[7] Id. (emphasis in original).

[8] See Deposition Notices attached as **Exhibit E**.

[9] Also, Carrillo provided less than only 8 business days to prepare for the depositions. Equally troubling, Carrillo scheduled depositions in Las Vegas when all parties were already scheduled to have a deposition in Victorville, CA. Moreover, the other depositions were scheduled to conflict with other previously scheduled depositions in the case. See Exhibit D and Deposition Notice of LVMPD PMK and Deposition Notice of Thomas Carroll, attached as **Exhibit F**.

[10] September 21, 2012 Correspondence, attached as **Exhibit G**.

[11] September 22, 2012 Email from Paul Padda, attached as **Exhibit H**.

[12] Id.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

5

M&A:05166-461 1870074_1

1  Again, Carrillo did nothing to cure the deficiency.  Rather, Carrillo waited three months to file a

2  motion that will again delay the resolution of this case.

3  **III.   LEGAL ARGUMENT.**

4       Carrillo's 15-month delay warrants denial of the motion to compel.[13]  Carrillo's motion

5  must also be denied on the merits.  First, Carrillo failed to subpoena the LVMPD employees for

6  a deposition.  Without a subpoena, the employees are not compelled to attend a deposition.  And

7  second, LVMPD's Internal Affairs and Aron Carpenter's personnel file are confidential.  Thus,

8  Carrillo's motion must be denied.

9       **A.   CARRILLO CANNOT COMPEL EMPLOYEES TO ATTEND A DEPOSITION WHERE A SUBPOENA WAS NOT ISSUED.**

10

11       The LVMPD employees were never subpoenaed to attend a deposition.  It is fundamental

12  in civil practice that a nonparty deponent can only be compelled to attend a deposition by

13  subpoena.[14]  Even a corporate defendant's employees must be subpoenaed *unless* the employee

14  is an officer, director or managing agent.[15]  The plaintiff has "the burden of providing enough

15  evidence to show that there is at least a close question whether [the LVMPD employees are]

16  managing agents."[16]  Importantly, an individual is not a managing agent solely because of his or

17  her title.[17]

18       To determine whether an employee is a managing agent, courts consider whether the

19  individual (1) is invested with power to exercise his discretion and judgment in dealing with

20  corporate matters; (2) can be depended upon to carry out employer's direction to give the

21  required testimony, and (3) has an alignment of interests with the corporation rather than one of

---

[13] Discovery ended on September 26, 2012 with respect to all issues excepted a limited five depositions.

[14] See FRCP 30(a)(1) ("The deponent's attendance may be compelled by subpoena under Rule 45."); see also FRCP 45(a)(1)(A); Trans Pacific Ins. Co. v. Trans-Pacific Ins. Co., 136 F.R.D. 385 (E.D. Pa. 1991).

[15] C. Wright & A. Miller, Federal Practice & Procedure §§ 2107, 2112 (1970); Trans Pacific Ins. Co., 136 F.R.D. at 392; Finley v. Count of Martin, 2009 WL 3320263, *1 (N.D. Cal. Oct. 13, 2009)

[16] Finley, 2009 WL 3320263 at *1; General Tire v. Broad Elm Auto Ctrs., 1997 WL 929823 (W.D.N.Y. Apr. 18, 1997).

[17] Id. at *2.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:05166-461 1870074_1

MARQUIS AURBACH COFFING

10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

the other parties.[18]  In <u>Finley</u>, the Court held that the title of "nurse manager" was insufficient to find that the corporate employee was a "managing agent."[19]  The court concluded the plaintiff failed to meet her burden in establishing the individual as a managing agent.  Although the employee was a relevant witness, she could only be compelled to testify at a deposition by subpoena.[20]  But there was nothing barring plaintiff from subpoenaing the witness to provide testimony at trial.[21]

Carrillo *never* subpoenaed the employees.  Instead, Carrillo's counsel claimed there was no requirement to subpoena employees and the need to subpoena an employee is simply nonsensical.[22]  Carrillo now asks this Court set aside the subpoena requirement.  But the law requires a subpoena to be issued or for Carrillo to establish the employees as managing agents.  Carrillo *never* contended that the employees were managing agents of LVMPD or offer evidence establishing the employees as managing agents—a burden that rests squarely on plaintiff's shoulders. [23]  Simply, Carrillo only argues that a subpoena is not required to accompany a notice of deposition.[24]  But the law is clearly established—a deponent is not required to attend a deposition if there was never a subpoena issued.[25]

---

[18] <u>Philadelphia Indem. Ins. Co. v. Federal Ins. Co.</u>, 215 F.R.D. 492 (E.D. Pa. 2003).

[19] <u>Id.</u>

[20] See <u>id.</u>

[21] <u>Id.</u>

[22] Exhibit H.

[23] Carrillo only stated, without support, that the individuals were in managerial/supervisory roles.  As outlined above, a title (such as "nurse manager" in <u>Finley</u>) is insufficient to establish that the individual is a managing agent.  <u>Finley</u>, 2009 WL 3320263 at *2.  Nowhere else does Carrillo even discuss that the individuals are "managing agents."

[24] Motion to Compel (Docket No. 84)

[25] <u>CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.</u>, 713 F.2d 494, 496 (9th Cir. 1983); <u>see</u> FRCP 30(a)(1) ("The deponent's attendance may be compelled by subpoena under Rule 45."); <u>see also</u> FRCP 45(a)(1)(A); <u>Trans Pacific Ins. Co. v. Trans-Pacific Ins. Co.</u>, 136 F.R.D. 385 (E.D. Pa. 1991).

M&A:05166-461 1870074_1

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1    Carrillo's request for additional depositions of LVMPD employees also violates this

2    Court's September 14, 2012 Order and FRCP 30(h)(1)'s "reasonable notice" provision.  The

3    Court Order indicated that discovery was limited to five specific depositions—none of which

4    included Redfairn, Toney or Hardy.  Instead, Carrillo left the hearing and attempted to notice up

5    the depositions in violation of Court Order and FRCP 30(b)(1)'s requirement that a party provide

6    "reasonable written notice" to every other party.  LVMPD first received written notice of the

7    depositions on Monday, September 17, 2012, when business opened.  The deposition notices

8    provide LVMPD seven, eight and nine days notice for the various depositions.  Moreover, the

9    depositions were noticed for days which other depositions were already scheduled.[26]  It is

10   impossible for LVMPD to be at two places at once.  Instead, Carrillo noticed the depositions

11   acknowledging that there was not sufficient time as Carrillo immediately inquired of LVMPD

12   about moving the depositions out past the discovery deadline.[27]

13       Simply, not only did Carrillo fail to subpoena the witnesses, but Carrillo also failed to

14   provide reasonable written notice to the other parties.  The day the depositions were scheduled

15   for could not have gone forward based upon previously and properly noticed depositions.  Thus,

16   LVMPD respectfully requests this Court to deny Carrillo's motion to compel the depositions of

17   LVMPD employees.

18   **B.    LVMPD'S IA FILE AND CARPENTER'S PERSONNEL FILE ARE PRIVILEGED AND CONFIDENTIAL.**

19

20       **1.    LVMPD's IA File Must Remain Confidential.**

     It is imperative that LVMPD's IA file remain privileged and confidential.  In extending a
21
     privilege to internal affairs documents, courts have struck a delicate balance between
22
     confidentiality of government information and the need for litigants to prosecute their action.[28]
23
     The central factor considered is "the degree to which governmental self-evaluation and
24

25   _____

     [26] See Exhibit D and F.
26

     [27] See September 19, 2012 email from Tarquin Black, attached as **Exhibit I**.
27

     [28] Segura, 116 F.R.D. at, 45.
28

M&A:05166-461 1870074_1

consequent program improvement will be chilled by disclosure."[29]   In striking this balance, government self-evaluation is chilled when the findings, comments and recommendations of its internal affairs are not protected.[30]   Regarding other items in an internal affairs file, courts have considered the following ten factors:[31]

> (1) The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information;   (2) The impact on persons who have given information of having their identifies disclosed;   (3) The degree to which government self-evaluation and consequent program improvement will be chilled by disclosure;   (4) Whether the information sought is factual data or evaluated;   (5) Whether the party seeking discovery is an actual or potential defendant in a criminal proceeding either pending or reasonably likely to follow from the incident in question;   (6) Whether the police investigation has been completed;   (7) Whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation;   (8) Whether the defendant suit is non-frivolous and brought in good faith;   (9) Whether the information sought is available through other discovery or from other sources; and   (10) The importance of the information sought to the plaintiff's case.

These facts weigh in favor of maintaining the confidentiality of LVMPD's IA file as LVMPD disclosed the factual basis for its internal investigation.

LVMPD asserted a narrow privilege over limited documents critical to its internal affairs investigation.   Importantly, LVMPD produced its 80-page Confidential Accident Investigation Report providing a detailed account of its investigation, which included identification of officers involved, a factual account of the incident, investigation into the speed of the vehicles, interviews with witnesses, photographs, diagrams of the police chase, toxicology reports, summaries of radio communication and all other factual information.[32]   Additionally, LVMPD produced its policies, interview transcripts of various individuals and Aron Carpenter's training records.[33]   Moreover, Carrillo has the transcript of all witnesses that testified during Aron Carpenter's criminal trial.   LVMPD only asserted its narrow privilege over its Internal Affairs

---

[29] Id.

[30] Id.

[31] Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D.PA. 1973).

[32] See Exhibit A.

[33] See Exhibit B.

M&A:05166-461 1870074_1

findings, comments and recommendations related to the disciplinary proceedings initiated against Aron Carpenter and limited interviews.

The first two factors are inconsequential as LVMPD already disclosed the identity of all officers and witnesses involved. But the third factor—the degree to which government self-evaluation and consequent program improvement will be chilled by disclosure—weighs heavily in favor of non-disclosure. LVMPD must be free to evaluate the actions of its employees without fear that its investigation will later become part of court proceedings. To allow LVMPD's IA file to be become part of litigation would discourage internal department evaluations and discourage LVMPD from conducting internal investigations. Notably, LVMPD produced its *confidential* 80-page investigatory findings. But forcing LVMPD to produce its comments, findings and recommendations from its Internal Affairs investigation would have a chilling effect on the LVMPD's self-evaluation and self-improvement process.

The fourth factor—whether the information sought is factual data or evaluated—also weighs in favor of non-disclosure. LVMPD disclosed its factual data in its 80-page investigation report, witness statements and interview transcripts. Now, LVMPD seeks to protect its findings, comments and interviews related to disciplinary proceedings. To the extent Carrillo needed more information, she was able to depose any of the officers but chose not to. Thus, LVMPD has been more than forthcoming in disclosing the factual data surrounding its investigation.

The ninth and tenth factors—whether the information sought is available through other discovery or from other sources and the importance of the information sought to the plaintiff's case—also weigh heavily in favor of maintaining the IA file's confidentiality. LVMPD disclosed all officers' names in its initial disclosures, as well as its 80-page investigation supplement. Carrillo had ample time to depose the officers, but chose not to. Moreover, the factual information is not only available through deposing the witnesses, but also available, in the 80-page investigation supplement, prior disclosure of witness interviews, voluntary statements and the criminal trial transcript.

In striking the balance between confidentiality of government information and the need for litigants to prosecute their action, the balance weighs heavily in favor of maintaining the

M&A:05166-461 1870074_1

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1   confidentiality of the IA file.  Carrillo *never* demonstrated how maintaining the privilege would

2   prohibit her from prosecuting her case.  Yet, it is imperative for LVMPD to maintain the

3   confidentiality of its Internal Affairs Investigation.  Thus, LVMPD respectfully requests the

4   Court to deny Carrillo's motion to compel the IA file.

5                    **2.        Aron Carpenter's Personnel Files are Confidential.**

6              Aron Carpenter's personnel file is confidential.  The Ninth Circuit recognizes the

7   confidential nature of personnel files and requires a plaintiff to show how the discovery of the

8   actual file is necessary.[34]  Courts must then weigh the potential benefits of disclosure against the

9   potential disadvantages.[35]  If the latter is greater, the privilege bars discovery.[36]  While employee

10  files are not absolutely privileged, "the confidential nature of the employee personnel files

11  suggests that opening the files to the plaintiffs for a general search could reach well beyond the

12  legitimate inquires necessary to this litigation and would impact disciplinary procedures within

13  [LVMPD]."[37]  Thus, focused discovery should appropriately be employed.[38]

14             Carrillo *never* demonstrated how receipt of Carpenter's entire personnel file is necessary

15  during discovery.  LVMPD provided focused discovery and produced Aron Carpenter's training

16  records and revealed in interrogatories prior "collisions" Aron Carpenter was in.[39]  LVMPD

17  asserted a privilege as to limited documents, which included personnel information and various

18  applications.[40]  Instead of demonstrating how production of the actual file is necessary, Carrillo

19  merely states that the personnel file is "central to the issues in this litigation" and "may be

20

21

_____

22  [34] Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033, 1034 (9th Cir. 1990).

23  [35] Id. at 1033-34.

24  [36] Id.

25  [37] Id. at 1034.

26  [38] Id.

27  [39] Exhibit B; LVMPD's Answers to Interrogatories at Answer No. 7, attached as **Exhibit J**.

28  [40] See LVMPD's Privilege Log, attached as **Exhibit K**.

M&A:05166-461 1870074_1

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  relevant to issues of credibility or motive."[41]   Noticeably absent is argument regarding the

2  necessity of the file. Contrary to the self-serving statement, the Ninth Circuit rejected Carrillo's

3  request for a general search of Carpenter's personnel file.  Such searches may reach well beyond

4  legitimate inquires. Thus, LVMPD respectfully requests this Court to hold Aron Carpenter's

5  personnel file confidential and privileged.

6  **IV.    CONCLUSION.**

7  Carrillo's motion is nothing more than a delay tactic as the law sides with LVMPD.  The

8  law requires a subpoena to compel the depositions of LVMPD's employees—Carrillo *never*

9  issued subpoenas.  The law protects personnel files unless a party can demonstrate the need for

10  the entire file—Carrillo *never* argued why she needs the entire personnel file when LVMPD

11  provided the relevant documents. Lastly, the law allows LVMPD to assert a privilege over its IA

12  file unless Carrillo's need for the information to prosecute her case outweighs the need to keep

13  the documents confidential—Carrillo *never* demonstrated that she needed documents in the file

14  to prosecute her case since LVMPD already produced its confidential 80-page Accident

15  Investigation Supplement.  Thus, Carrillo's untimely Motion to Compel should be denied.

16  DATED this 4th day of January, 2013.

17  MARQUIS AURBACH COFFING

18

19  By:_____

20  Craig R. Anderson, Esq.
    Nevada Bar No. 6882

21  Joshua L. Benson, Esq.
    Nevada Bar No. 10514

22  10001 Park Run Drive
    Las Vegas, Nevada  89145

23  *Attorneys for LVMPD*

24

25

26

27

28

---

[41] Docket No. 84 at 9:15-20.

M&A:05166-461 1870074_1