UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PETRA CARRILLO, individually, as Special
Administratrix of the Estate of IVAN CARRILLO,
and as parent and natural guardian of ARLEEN
CARRILLO, AYLEEN CARRILLO, and
JAYLEEN CARRILLO,

    Plaintiffs,

vs.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, *et al.*,

    Defendants.

Case No. 2:10-cv-02122-JAD-GWF

**ORDER**

This matter is before the Court on the Carrillo Plaintiffs' Motion to Reopen Discovery (#124), filed on July 9, 2013; Defendant Las Vegas Metropolitan Police Department's (LVMPD) Opposition to the Motion to Reopen Discovery (#128), filed on July 23, 2013; Defendant Aron Carpenter's Joinder in Defendant LVMPD's Opposition to the Motion to Reopen Discovery (#129), filed on July 24, 2013; and the Carrillo Plaintiffs' Reply to Defendants' Opposition (#130), filed on August 2, 2013. The Court finds that oral argument on this motion is unnecessary and the hearing on the motion will be therefore be vacated.

**BACKGROUND AND DISCUSSION**

The Carrillo Plaintiffs seek to reopen discovery so that they may disclose an expert witness, Stan V. Smith, Ph.D, who will provide expert testimony regarding Plaintiffs' economic and/or hedonic damages resulting from the alleged wrongful death of their decedent Ivan Carrillo. Defendants oppose the motion on the grounds that it is untimely and that Plaintiffs have failed to show good cause and excusable neglect to justify reopening expert witness discovery.

. . .

The Carrillo Plaintiffs, through their former counsel, Glen Lerner & Associates, filed the complaint in this action on December 7, 2010. Pursuant to the initial scheduling order, discovery closed on March 25, 2011, with expert witness disclosures due on April 25, 2011. The Court granted several extensions of the discovery and expert witness disclosure deadlines requested by the parties. The fourth scheduling order entered on January 20, 2012 provided that discovery would close on September 26, 2012, with expert witness disclosures due on July 27, 2012. On August 2, 2012, Cohen & Padda, LLP substituted in as counsel for the Carrillo Plaintiffs.

On August 22, 2012, the Carrillo Plaintiffs filed a motion to extend the discovery deadlines with a proposed discovery cutoff date of February 15, 2013 and an expert witness disclosure deadline of December 14, 2012. On September 14, 2013, the Court granted a limited extension of discovery to allow the Plaintiffs to depose defendants' expert witnesses, a Rule 30(b)(6) witness of Defendant LVMPD and Defendant Carpenter. The Court did not authorize any other discovery, or reopen the deadline for disclosure of expert witnesses which had expired prior to the filing of Plaintiffs' motion. Plaintiffs did not object to the Court's order, or request reconsideration of the order and leave to disclose an expert witness on damages until they filed the instant motion on July 9, 2013. Defendants filed motions for summary judgment on March 11, 2013, which are fully briefed and awaiting decision by the Court. The Court conducted a settlement conference on June 17, 2013.

Local Rule (LR) 26-4 provides that applications to extend any date set by the discovery plan, scheduling order or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. LR 26-1 also requires that an application for the extension of a deadline must be received by the Court no later than 21 days before expiration of the subject deadline. LR 6-1 provides that "[a] request made after the expiration of the specified period shall not be granted unless the moving party, attorney or other person demonstrates that the failure to act was the result of excusable neglect." LR IA 10-6(c) also provides that "[e]xcept where accompanied by a request for relief under subsection (e) of this Rule, the signature of an attorney to a stipulation to substitute such attorney into a case constitutes an express acceptance of all dates then set for pretrial proceedings, for trial or hearing, by the

discovery plan, or in any Court order."

According to the Carrillo Plaintiffs, their prior counsel did not conduct any discovery, including retaining and disclosing any expert witnesses. The Carrillo Plaintiffs' present counsel, Cohen & Padda, LLP, substituted into this case on August 2, 2012, without any accompanying request pursuant to LR IA 10-6(e) for relief from the scheduling order. As stated above, however, they moved for an extension of discovery on August 22, 2012 which was partly granted. Plaintiffs offer a number of arguments in support of their instant motion. Their chief arguments are (1) that expert testimony by an economist is needed to present Plaintiffs' damages claims and (2) Defendants will not be prejudiced by any undue delay because a trial date has not been scheduled and Defendants will have the opportunity to depose Plaintiffs' expert and retain their own expert if they wish to do so.

While the Court recognizes some merit in both arguments, Plaintiffs have not met their burden that good cause or excusable neglect justifies a re-opening of the deadline for disclosing expert witnesses this long after the expert witness disclosure deadline expired. As the Ninth Circuit stated in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992), good cause for the modification of a scheduling order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure primarily considers the diligence of the party seeking the amendment. The court may modify the pretrial schedule if it cannot be met despite the diligence of the party seeking the extension. Carelessness is not compatible with a finding of diligence. The court also noted that "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. Here, the failure of the Plaintiffs' prior counsel to conduct any discovery or retain an expert before August 2012 is not a reasonable excuse or justification to reopen the expert witness disclosure deadline. To reopen expert discovery at this point in the case would make scheduling order deadlines meaningless. Accordingly,

**IT IS HEREBY ORDERED** that the Carrillo Plaintiffs' Motion to Reopen Discovery (#124) is **denied**.

. . .

**IT IS FURTHER ORDERED** that the hearing on the Carrillo Plaintiffs' Motion to Reopen Discovery (#124) set for August 15, 2013 at 10:30 A.M. is **vacated.**

DATED this 14th day of August, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge