Ruth L. Cohen, Esq. (NV Bar 1782)
Email: rcohen@caplawyers.com
Paul S. Padda, Esq. (NV Bar 10417)
Email: ppadda@caplawyers.com
COHEN & PADDA, LLP
4240 West Flamingo Road, Suite 220
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940
Web: caplawyers.com

Attorneys for the Carrillo Plaintiffs

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PETRA CARRILLO, *et. al.*, | ) |
| Plaintiffs, | ) Case No. 2:10-cv-2122-JAD-(GWF) |
| v. | ) |
| LAS VEGAS METROPOLITAN, POLICE DEPARTMENT, *et. al.*, | ) |
| Defendants. | ) |

**CARRILLO PLAINTIFFS' REPLY TO DEFENDANTS'
RESPONSE TO CARRILLO PLAINTIFFS' APPEAL
FROM ORDER DENYING MOTION TO REOPEN DISCOVERY**

Defendant, the Las Vegas Metropolitan Police Department ("Metro"), opposes Carrillo Plaintiffs' appeal on the grounds that Magistrate Judge George Foley opined that reopening discovery to permit the designation of a damages expert in this case would render "deadlines meaningless." At no point in his challenged decision, however, did the magistrate offer any reasoned analysis of the <u>significant prejudice</u> that would befall Carrillo Plaintiffs if they cannot present a jury in this case with the testimony of Dr. Stan Smith, an economist. Ironically, while citing the need to adhere to deadlines in this case, the magistrate failed to note that there is currently no trial date

scheduled.[1] Accordingly, any delay that might result if Carrillo Plaintiffs were permitted to designate Dr. Smith would be insignificant at best. Common sense and simple logic can lead to no other conclusion. Additionally, while Metro claims "with summary judgment fully briefed, it would be extremely prejudicial to reopen discovery," it fails to explain why. This is a nonsensical assertion unsupported by any facts. As both Metro and the Court are well aware, the summary judgment motions pertain to <u>liability not damages</u>. Thus, Dr. Smith's designation in this case would have no effect whatsoever on the pending summary judgment motions.

In its opposition brief, Metro claims "Judge Foley denied in part the Carrillos' fifth request to reopen discovery and extend the expert disclosure deadline." This statement is exceptionally misleading and inaccurate. On January 20, 2012, <u>Metro filed its "fourth request</u>," presented in the form of a stipulation noting Glen Lerner & Associates' ("Lerner") acquiescence, to an extension of the discovery deadlines in this case. The magistrate approved the stipulation that same day and established the following deadlines:

> June 28, 2012 for amendment of pleadings;
> July 27, 2012 for disclosure of experts; and
> September 26, 2012 for discovery cut-off.

Pacer #50. Between January 20, 2012 and late July 2012, Glen Lerner conducted limited discovery.[2]

---

[1] Metro claims in its opposition that there is an "imminent trial date" in this case. This is false. The Court has yet to establish a date for trial.

[2] While Lerner apparently served stock written discovery, no depositions were taken. More importantly, no economist was ever retained by the Lerner firm. Metro does not, and cannot, dispute this fact which is the salient issue before the Court. While Metro notes that Lerner retained a liability expert, this a fact of no consequence to the issue before the Court. As any reasonable attorney knows, proving liability is
(continued...)

On August 22, 2012, undersigned counsel filed their first (<u>and only</u>) motion to extend discovery related deadlines in this civil rights case. The motion requested that the Court extend until November 15, 2012 and December 14, 2012 the time for amending pleadings and disclosing additional experts; and extend the discovery cut-off period to February 15, 2013.[3] In support of that motion, undersigned counsel noted "that discovery has not been fully completed by Carrillo Plaintiffs because of recent change in counsel and the need for additional time for new counsel to become familiar with this matter."[4] Undersigned counsel further noted that Metro had sought and received no less than four extensions of the discovery period and that undersigned counsel were merely requesting their first.[5] The magistrate denied this request.

It is beyond dispute that the magistrate failed to consider any of the legal factors required by <u>United States v. Hughes Aircraft Company</u>, 63 F.3d 1512, 1526 (9th Cir. 1995), instead merely offering his opinion that deadlines would be rendered meaningless if he were to reopen discovery for the limited purpose of permitting Dr. Smith's designation. There was no consideration given to the prejudice Carrillo Plaintiffs will suffer on account of the denial of their motion. For its part, Metro also fails to address the <u>Hughes</u> factors let alone even acknowledge any of the relevant cases cited in Carrillo Plaintiff's moving papers filed on August 26, 2013 (Pacer #133).

---

[2](...continued)
meaningless if a party cannot show damages. In cases of this kind, the lack of an economist will make it nearly impossible for Carrillo Plaintiffs to demonstrate for the jury the full extent of their damages.

[3] See Pacer #68, p. 5.

[4] See Pacer #68, p. 5 (lines 3-6).

[5] See Pacer #68, p. 6.

Trial judges, as this Court is undoubtedly aware, are vested with broad discretion to preserve the integrity and purpose of the pretrial process. <u>United States v. Varner</u>, 13 F.3d 1503, 1507 (11th Cir. 1994). Thus, a pretrial order may be set aside to avoid "manifest injustice." <u>Id</u>. There is a presumption that a pretrial order will be amended in the interest of justice and sound judicial administration provided there is no substantial injury or prejudice to the opposing party or inconvenience to the court." <u>Varner</u>, 13 F.3d at 1508.

Finally, Metro complains that undersigned counsel have waited "299-days to file a motion for reconsideration." Clearly, Metro's counsel do not appear to comprehend either the Federal Rules of Civil Procedure or the basis for Carrillo Plaintiffs' motion. Plaintiff's are seeking to <u>reopen</u> discovery for a very limited purpose. When Judge Foley originally denied undersigned counsel's one and only motion to extend the discovery deadlines relating to experts, they could <u>not</u> seek reconsideration because there were no new facts or arguments they could have presented to the magistrate. A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" <u>Sequa Corp. v. GBJ Corp.</u>, 156 F.3d 136, 144 (2nd Cir. 1998). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." <u>Carroll v. Nakatani</u>, 342 F.3d 934, 945 (9th Cir. 2003). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before the rendering its original decision fails to carry the moving party's burden." <u>United States v. Westlands Water District</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Simply put, Carrillo Plaintiffs were never in a position to seek "reconsideration." If Metro believes otherwise, as it has suggested, it should state "how'

and "why."  Instead, Carrillo Plaintiffs are seeking the only relief they can under the Court's inherent powers, the Federal Rules of Civil Procedure and the Local Rules in order to avoid a manifest injustice.

## CONCLUSION

Ironically, Metro defends with vigor the Lerner firm's failure to hire a damages expert.  While it is understandable that Metro would seek to characterize prior counsel's actions as reasonable,[6] its assertion that "Cohen & Padda shirked their own responsibilities . . . to request an extension of the deadlines when they substitute[d] in" is plainly erroneous and not supported, indeed specifically contradicted, by the Court's own docket.[7]

Respectfully submitted,

/s/ *Ruth L. Cohen*
/s/ *Paul S. Padda*
_____
Ruth L. Cohen, Esq.
Paul S. Padda, Esq.

Attorneys for Carrillo Plaintiffs

Dated: September 20, 2013

---

[6] Metro is represented by the law firm of Marquis Aurbach Coffing ("MAC").  Carrillo Plaintiffs were previously represented by Glen Lerner & Associates.  Lerner had a significant business relationship with Powell Litigation Group ("PLG") whereby they would routinely fee split.  In fact, Lerner helped the principal of PLG, Paul Powell, Esq. launch his practice.  Mr. Powell was formerly employed by Lerner.  Mr. Powell and Lerner were sued by former Lerner attorney Farhan Naqvi, Esq.  During the course of that litigation, Lerner's financial interests were closely aligned with Mr. Powell against Mr. Naqvi.  Mr. Powell was represented by MAC.  When attorney Dennis Kennedy, Esq., who represented Mr. Naqvi, deposed Glen Lerner, Phil Aurbach of MAC attended the deposition to, among other things, lend support to Mr. Lerner.  During the course of the Powell/Naqvi litigation, one can reasonably assume MAC routinely conferred with Lerner staff in their joint efforts to thwart Mr. Naqvi's claims.

[7] See Pacer #68.  In that motion, counsel clearly represented to the Court that they intended to retain other experts apart from Dr. Paul Kim.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

<u>CERTIFICATE OF SERVICE</u>

    In compliance with the Court's Local Rules, the undersigned hereby certifies that on September 20, 2013 a copy of the foregoing document, "CARRILLO PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO CARRILLO PLAINTIFFS' APPEAL FROM ORDER DENYING MOTION TO REOPEN DISCOVERY" was served (via the Court's CM/ECF system) upon counsel of record for Defendants.

/s/ *Paul S. Padda*
_____
Paul S. Padda, Esq.
Cohen & Padda, LLP
Las Vegas, Nevada

6